UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDREW HARVEY,

    Plaintiff,

    v.     CAUSE NO. 3:20-CV-376-JD-MGG

CANABERRY, et al.,

    Defendants.

OPINION AND ORDER

Andrew Harvey, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 10.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

Harvey alleges that on December 10, 2019, while he was housed at Indiana State Prison ("ISP"), he injured his knee playing basketball. The following day, he was given crutches and underwent an x-ray. A few days later, he was seen by Dr. Marthakis (first name unknown), a doctor at ISP, who reviewed the x-ray and said she would put in a request for an MRI. On that same date, Nurse Jackie (last name unknown) gave him a wheelchair and a shot for his pain. She told him he could have a shot for his pain any time he needed one. He claims that he asked correctional staff to be sent to the medical unit several times so he could receive a shot, but they failed to send him between December 27, 2019, and January 8, 2020. On January 8, 2020, he was transported to an outside facility for an MRI, and the ride was bumpy and painful. He also had leg

shackles on which caused him pain. When he got the medical facility, he found out that Dr. Marthakis had failed to schedule the MRI so he was unable to obtain one. The following day, Nurse Tiffany (last name unknown) took back his wheelchair, even though he was approved to use it through March 2020.

Shortly thereafter, Dr. Marthakis approved Harvey to be moved to a medical dormitory so he that his meal trays could be brought to him and he would not have to walk to the cafeteria. However, the elevator in this dormitory was often out of order, resulting in Harvey having to "crawl/scoot" down a flight of 25 stairs on more than one occasion when he needed to leave the dorm for any reason. On February 10, 2020, he was taken to an outside medical facility and underwent surgery on his knee. The doctor told him that "due to the delay, he would do his best." After the surgery was over, the doctor told him that he would need physical therapy and should follow up with him in two weeks. However, shortly after the surgery, Harvey was transferred to Westville Correctional Facility ("Westville"). He claims that he has not received a check up or physical therapy at Westville.

The court notes that this is Harvey's third attempt to state his claims. (*See* ECF 1, 6.) The current complaint is not particularly clear on who he is seeking to hold liable for these events. He lists eight different defendants in the caption of his amended complaint: Sergeant Canaberry, Dr. Marthakis, Nurse Jackie, Nurse Tiffany, Captain Dustin (first name unknown), the Warden of ISP, a "Ms. Abrams," and Wexford Medical, LLC. However, he does not include any of these defendants in the section of the complaint asking for the defendants' names, address, and job title. Other than Dr.

Marthakis and the two nurses, he also does not mention them by name in the body of the complaint or explain how they were involved in these events. In light of Harvey's *pro se* status, the court has made every effort to discern whether he states a viable claim for relief against any of the defendants listed in the caption.

Under the Eighth Amendment, prisoners are entitled to adequate medical care. To establish such a claim, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would recognize as needing a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). "[I]nexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted).

Giving Harvey the inferences to which he is entitled at this stage, he has alleged a plausible Eighth Amendment claim against Dr. Marthakis. Specifically, he alleges that

3

her delay in sending him for an MRI and other outside treatment caused him significant pain and made the repair of his knee injury more difficult. Although further factual development may show that the delay was not caused by the doctor, he has alleged enough to proceed past the pleading stage on a claim for damages.[1] He further claims that Nurse Tiffany took his wheelchair away and told him to walk back to the dorm, even though he had great difficulty walking and had permission to use the wheelchair for two more months. He will be permitted to proceed on a claim for damages against Nurse Tiffany. As for Nurse Jackie, her only apparent involvement in these events was to give Harvey a wheelchair and a shot for his pain. The court cannot discern any viable deliberate indifference claim against this defendant.

As for the other individual defendants (Sergeant Canaberry, Captain Dustin, the Warden, and "Ms. Abrams"), there is nothing in the complaint to suggest that they were involved in Harvey's medical care or otherwise personally involved in these events. *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009); *see also Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003) ("[Section] 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim."). There is also no *respondeat superior* liability under section 1983, and these defendants cannot be held liable simply because they supervise other prison staff who

---

[1] Harvey left blank the section of the complaint asking what relief he is seeking in this case. (ECF 10 at 4.) To the extent he is seeking injunctive relief related to his current medical care, he cannot proceed against Dr. Marthakis or any of the other defendants located at ISP, because he is no longer housed there. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).

interacted with Harvey. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). They will be dismissed as defendants.

Harvey also lists Wexford, the private company that provides medical staff at the prison. A private company may be held liable for constitutional violations when it performs a state function. *See Hildreth v. Butler*, 960 F.3d 420, 422 (7th Cir. 2020). However, as stated above, there is no general *respondeat superior* liability under section 1983, and Wexford cannot be held liable solely because it employs Dr. Marthakis and Nurse Tiffany. *J.K.J.*, 960 F.3d at 377. A private company performing a state function can also be held liable to the same extent as a state actor under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). Yet there is nothing in the complaint from which it can be plausibly inferred that Wexford had an official policy or custom of providing inadequate care to inmates, or that such a policy or custom caused Harvey's injury. Rather, he describes individual failings by the medical staff providing his care. Harvey has not alleged a plausible constitutional claim against this corporate defendant.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Dr. Marthakis (first name unknown) and Nurse Tiffany (last name unknown) in their individual capacities on a claim for monetary damages under the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Sgt. Canaberry, Nurse Jackie, Captain Dustin, Warden, Ms. Abrams, and Wexford Medical as defendants;

(4) DIRECTS, the clerk to request a Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Dr. Marthakis and Nurse Tiffany at Wexford of Indiana, LLC, and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction and Wexford of Indiana, LLC, to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service, to the extent this information is available;

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Marthakis and Nurse Tiffany to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 14, 2020

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT